## PARKER v. SLAUGHTER.

Practice: ACTION ON INJUNCTION BOND: JURY: STATUTE CONSTRUED. Under section 3794 of the Revision, the judge of the District Court is not authorized, in an action at law upon an injunction bond, to discharge a jury impaneled, and try the cause himself. This section applies to the summary proceeding therein provided for upon the dissolution of the injunction, and not to an action at law on the bond.

Parker v. Slaughter.

*Appeal from Jasper District Court.*

FRIDAY, APRIL 11.

THIS is an action on an injunction bond. The petition avers that the suit in which the bond was given was dismissed and the injunction dissolved, and claims judgment for the damages sustained by plaintiff on account of said injunction. At the trial, a jury was impaneled at the request of the defendant, but during the progress of the case the court discharged the jury and proceeded to try the case, rendering judgment against defendant, to which he excepted and from which he appeals.

*W. H. Seevers* for the appellant.

*E. J. Ingersoll* for the appellee.

BECK, J.—It is claimed, that, under section 3794 of the Revision, the court had the power to try the cause without a jury. The section provides, that, "upon the dissolution of an injunction to stay proceedings upon a judgment, the damages shall be assessed by the court, which may hear the evidence and decide in a summary way, or may, on the request of either party, cause a jury to be impaneled to find the damages." This evidently means, that, upon the dissolution of an injunction, the damages may be assessed in a summary way in the proceedings — the very case in which the writ was issued, the intention being plainly to prevent the necessity of an action at law upon the bond, and the delay and expense incident thereto. This is an action at law upon the injunction bond, to which the provision above quoted is not applicable. The court therefore erred in denying to defendant a jury.

Reversed.